IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOVANI WHITE, T-75007,        )<br>                                                     )<br>             Petitioner,               )<br>                                                     )<br>     vs.                                         )<br>                                                     )<br>VINCE CULLEN, Acting Warden,  )<br>                                                     )<br>             Respondent(s).          )<br>                                                     ) | No. C 10-4697 CRB (PR)<br><br>ORDER DENYING<br>PETITION FOR A WRIT OF<br>HABEAS CORPUS |

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' (BPH) May 6, 2009, decision to deny him parole. Per order filed on November 17, 2010, the court found that the petition, liberally construed, stated a cognizable claim under section 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause and petitioner has filed a traverse. Having reviewed the papers and the underlying record, the court concludes that petitioner is not entitled to habeas corpus relief.

**BACKGROUND**

In 2002, petitioner was sentenced to an indeterminate term of five years to life in state prison after a jury in Santa Clara County Superior Court found him guilty of kidnapping for robbery and various other related offenses.

On May 6, 2009, petitioner appeared before the BPH for an initial parole consideration hearing and was found not suitable for parole. On September 15, 2010, the Supreme Court of California denied review of his state habeas challenge to the BPH's decision.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that

application must also be unreasonable." Id. at 411.  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision.  Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).  While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts, and only those holdings need be "reasonably" applied.  Id.

**B.     Claims & Analysis**

Petitioner presents six claims:  (1) there was not "some evidence" to support the denial of parole; (2) one of the BPH's reasons for denying parole, that petitioner "has some time to get things under [his] belt," was not relevant to the core question in parole decisions, whether the prisoner would be a danger to society if released; (3) the BPH improperly relied on a non-violent rule violation as a reason to deny parole; (4) the BPH did not consider petitioner's psychological evaluation; (5) the BPH improperly failed to consider all information before it when it ignored letters of support; and (6) the BPH violated his rights under the Ex Post Facto Clause of the Constitution by applying the recently-passed "Marsy's Law" to him.

**1.     "Some Evidence"**

The United States Supreme Court has recently held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more." Swarthout v. Cooke,

131 S.Ct. 859, 862 (2011).  That is, there is no due process requirement that a parole denial be supported by "some evidence."  Petitioner's first issue therefore cannot be the basis for habeas relief.

### 2. Issues Two Through Five

In issues two through five, petitioner contends that his due process rights were violated when the BPH purportedly failed to consider favorable evidence and relied on evidence that petitioner considers to be irrelevant or insignificant.  It is evident from the Court's determination in Swarthout that the only due process rights a prisoner has in parole consideration proceedings are an opportunity to be heard and a statement of reasons for denial, so these claims do not implicate due process.  They cannot be the basis for habeas relief.

### 3. Ex Post Facto Issue

The Ninth Circuit recently reversed the grant of a preliminary injunction against enforcement of Marsy's Law, holding that the plaintiffs were not likely to prevail on the merits of their claim that Marsy's Law violates the Ex Post Facto Clause, and that as a result the district court abused its discretion in granting the preliminary injunction.  See Gilman v. Schwarzenegger, 638 F.3d 1101, 1108-11 (9th Cir. 2011).  Gilman's holding that the plaintiffs there were not likely to prevail on the merits makes clear that the state court's rejection here of the Marsy's Law claim could not have been unreasonable.  Habeas relief cannot be granted on this claim.  See 28 U.S.C. § 2254(d)(1).

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v.

1  McDaniel, 529 U.S. 473, 484 (2000).
2       The clerk shall enter judgment in favor of respondent and close the file.
3  SO ORDERED.
4  DATED:   August 4, 2011              _____
                                         CHARLES R. BREYER
5                                        United States District Judge

27  G:\PRO-SE\CRB\HC.10\White, G1.denial.wpd